IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory D. Daniels,<br><br>    Plaintiff,<br><br>v.<br><br>South Carolina Department of Corrections;<br>Bryan Stirling; Warden Evans; Florence<br>County Solicitor Ed. Clements; and<br>Warden Stonebreaker,<br><br>    Defendants. | C/A No.: 5:25-2302-RMG-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

  Gregory D. Daniels ("Plaintiff"), proceeding pro se, is an inmate incarcerated at Evans Correctional Institution in the custody of the South Carolina Department of Corrections ("SCDC"). He filed this Complaint against SCDC, SCDC Director Bryan Stirling, Warden Evans, Florence County Solicitor Ed Clements, and Warden Stonebreaker alleging a violation of his civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Complaint in this case.

I.  Factual and Procedural Background

  Following a jury trial, Plaintiff was convicted of murder and weapon charges and sentenced to life imprisonment. *See Daniels v. Warden*, No.: 5:18-cv-03064-RMG (D.S.C. Aug. 7, 2019), ECF No. 29.[1] Plaintiff challenged his conviction by filing an application for post-conviction relief

---

[1] It is appropriate for this court to take judicial notice of Petitioner's prior cases. *See Colonial Penn*

and a hearing was held on his PCR application in 2015. ECF No. 1-3 at 7. Plaintiff states his PCR application was denied, and he appealed the denial to the South Carolina appellate courts and his appeal was denied. *Id*. Plaintiff says he filed a habeas corpus Petition with this court, and his Petition was denied with prejudice. *Id*. Plaintiff says he then filed a Rule 59(b) Motion for a New Trial with the state circuit court that was denied. *Id.* Plaintiff claims he appealed the denial of his Rule 59(b) Motion to the South Carolina appellate court. *Id.* Plaintiff states the appellate court vacated the circuit court order and remanded the matter to the circuit court for consideration of Plaintiff's new trial motion under S.C. Code Ann. § 17-27-40(A)(4). *Id*. at 14. Plaintiff claims no action has been taken in his case following the November 2023 remand. *Id.* at 10. Plaintiff states he tried to call the solicitor's office from the tablet provided by SCDC; however, his attempts were unsuccessful. *Id.* at 3. Plaintiff claims even when he paid for the calls, the solicitor's office declined the call. *Id.* Plaintiff states when he asked the jail personnel about the inability to call the solicitor's office, he was told to write a letter. *Id.* Plaintiff also claims he is being denied daily access to the law library so he can fight his pending case and prepare for a new trial if necessary. *Id*. Plaintiff states when he attempted to be placed on the list for daily access to the law library, he was told he had to provide an up-to-date reference to show his case was pending. *Id.*

      On May 2, 2025, the court issued an order notifying Plaintiff his Complaint was subject to summary dismissal, because he failed to allege sufficient factual allegations to state a claim. ECF No. 20. The order further advised Plaintiff he had until May 16, 2025, to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. *Id*. Plaintiff filed a supplemental pleading on May 16, 2025. ECF No. 1-4.

---

*Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records").

In his supplemental pleading, Plaintiff alleges that under the discretion of SCDC Director Bryan Stirling, SCDC provides pro se litigant inmates, under the United States Constitution, rights to use the phone to communicate with outside agencies, such as the attorney general's office, public defender's office, and the solicitor's office, when the SCDC tablet/phone or written correspondence "are unresponsive." ECF No. 1-4 at 3. Plaintiff alleges Florence County solicitor Ed Clements failed to respond to the South Carolina Court of Appeals November 17, 2023, remand order. *Id*. Plaintiff states he filed several motions with the clerk of court and the solicitors' office, and he sent a letter to solicitor Clements concerning this order. *Id*. Plaintiff states he also attempted to call the solicitor's office from his SCDC issued tablet at his expense, and the phone call was declined. *Id.* Plaintiff alleges he went to Warden Stonebreaker and informed him he was being denied his constitutional right to access the law library according to SCDC policy for an open case pending in the courts. *Id.* at 4. Plaintiff alleges he was denied meaningful access to courts. *Id.* Plaintiff also alleges Warden Stonebreaker violated the policy about pro se litigants phone communications to the solicitor's office and attorney general's office due to the new change in the phone/tablet communication when unable to reach Respondents through written communication. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity

3

can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    SCDC

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state,

4

neither of those exceptions applies in the instant case.[2] As a state agency, SCDC is immune from Plaintiff's claims for damages or injunctive relief, and the undersigned recommends SCDC be summarily dismissed from the action.

2. Florence County Solicitor Ed Clements III

Plaintiff alleges solicitor Clements failed to respond to the November 2023 Court of Appeal's order remanding Plaintiff's Motion for a New Trial to the circuit court. ECF No. 1-1 at 2–3; ECF No. 1-4 at 3. Plaintiff also complains solicitor Clements has failed to respond to Plaintiff's pending motions to vacate sentence, motion for mandamus, and motion to be released pending bond hearing he filed with the clerk of court and the solicitors' office. *Id.* Plaintiff states he sent a letter to solicitor Clements and he attempted to call the solicitor's office from his SCDC issued tablet at his expense about this order, and the phone call was declined. ECF No. 1-4 at 3. Prosecutors have absolute immunity for activities in or connected with judicial proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Accordingly, Plaintiff's claims against solicitor Clements are barred by prosecutorial immunity.

3. SCDC Director Bryan Stirling, Warden Evans, and Warden Stonebreaker

Plaintiff alleges the SCDC Defendants violated his constitutional rights and SCDC policies when they denied Plaintiff the right to call the solicitor's office and access the law library. ECF No. 1; ECF No. 1-4 at 3. There is, however, no constitutional right to a law library or law books, or to use a telephone while in prison. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *United States v. Alkire*, 82 F.3d 411, 1996 WL 166400, at *1 (4th Cir. 1996). Moreover, Plaintiff's claims that

---

[2] *See Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court).

Defendants failed to follow their own policies or procedures concerning phone calls or the law library also does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978); *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir.1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Plaintiff also fails to allege sufficient facts to state a denial of access to courts claim. To assert a claim for denial of meaningful access to the courts, Plaintiff must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration such that his non-frivolous legal claim had been frustrated or was being impeded. *Lewis v. Casey*, 518 U.S. at 349. *See also Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Plaintiff has not shown he was harmed in his legal proceedings due to not being allowed daily access to the law library, and therefore has failed to plead sufficient factual allegations to state a denial of access of courts claim. The undersigned recommends Plaintiff's claims against these SCDC Defendants be dismissed.

III.    Conclusion and Recommendation

By order issued on May 2, 2025, the undersigned provided Plaintiff an opportunity to correct the defects identified in his Complaint and further warned Plaintiff if he failed to timely file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed without leave for further amendment. As discussed herein, Plaintiff's supplemental pleading fails to correct the deficiencies, and like the original Complaint, fails to state a claim upon which relief can be granted. The undersigned recommends the court dismiss the Complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 20, 2025
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).