# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory D. Daniels,<br><br>　　　　Plaintiff,<br>　v.<br><br>South Carolina Department of Corrections, *et al.*,<br><br>　　　Defendants. | Case No. 5:25-cv-2302-RMG<br><br><br>**ORDER** |

　　　Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge recommending the summary dismissal of this action because the complaint failed to state facts upon which relief could be granted. (Dkt. No. 26). Plaintiff filed objections to the R & R. (Dkt. No. 29). For reasons set forth below, the Court adopts the R & R of the Magistrate Judge and dismisses this action.

## I.　　Background

　　Plaintiff was convicted of murder and weapons charges in 2010 following a jury trial and was sentenced to life in prison. His conviction and sentence were affirmed on appeal by the South Carolina Supreme Court. He subsequently pursued state post-conviction and federal habeas relief without success. Defendant brought this action pro se, asserting claims against the South Carolina Department of Corrections (SCDC), Florence County Solicitor Ed Clements III, and SCDC officials Bryan Stirling, Warden Evans and Warden Stonebreaker for allegedly denying him access to the courts and law library.

　　　When Plaintiff initiated this action, he was encountering obstacles to obtaining a state circuit court hearing on a remand of a decision of the South Carolina Court of Appeals vacating a prior state circuit court order. Plaintiff asserted that he was being denied access to the courts. Since

filing his suit, a state circuit court issued a Conditional Order of Dismissal, finding that Plaintiff's claims were barred by successiveness, res judicata, and statute of limitations. Plaintiff has objected to this Conditional Order. The Court takes judicial notice of the fact that these state court proceedings are ongoing in the Florence County Court of Common Pleas. (Exhibits A, B).

## II.    Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v.*

*Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  Discussion

The Magistrate Judge correctly concluded that the claim against SCDC was barred by the Eleventh Amendment, the claim against Solicitor Clements is barred by prosecutorial immunity, and the claims against the SCDC employees do not state a claim upon which relief can be granted. (Dkt. No. 26). Plaintiff objects to the application of the Eleventh Amendment and prosecutorial immunity under these facts, but such objections are plainly without merit. Plaintiff's claims of denial of access to the state courts are mooted by the recent state court action and Plaintiff's objections to the Conditional Order of Dismissal.

## IV. Conclusion

The Court finds that the Magistrate Judge ably summarized the factual issues in this matter and correctly concluded that Plaintiff's claims were subject to summary dismissal. In light of the foregoing, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 26) as the Order of the Court and summarily dismisses this action.

**AND IT IS SO ORDERED.**

          s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

June 11, 2025
Charleston, South Carolina